IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH C. ALLEN, # 172053B, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 19-00182-JB-B |
| | * |
| LT. SMITH, *et al.*, | * |
| | * |
|     Defendants. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on review. Plaintiff Joseph Charles Allen filed the instant action seeking relief under 42 U.S.C. § 1983 while he was an Alabama state prison inmate incarcerated at Fountain Correctional Facility in Atmore, Alabama. (Doc. 1). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate action. For the reasons set forth below, the undersigned recommends that this action be **DISMISSED without prejudice** due to Allen's failure to prosecute and obey the Court's orders.

When he initiated this action, Allen did not pay the $400.00 filing fee or file a motion to proceed without prepayment of fees. Accordingly, on April 23, 2019, Magistrate Judge Milling[1] issued

---

[1] On June 5, 2019, this action was transferred from the docket of Magistrate Judge Milling and assigned to the docket of the undersigned Magistrate Judge. (Doc. 8).

an order requiring Allen to pay the filing fee or file a motion to proceed without prepayment of fees by May 22, 2019. (Doc. 3). In the order, Judge Milling advised Allen that his failure to notify the Court immediately of a change in address would result in the dismissal of this action for failure to prosecute and to obey the Court's order.[2] (Id. at 1). In response to the order, Allen filed an IFP motion on April 27, 2019, which reflected that he was still incarcerated at Fountain Correctional Facility. (Doc. 4). Because Allen's IFP motion was incomplete, Judge Milling denied the motion and ordered Allen to file a properly completed IFP motion and an amended complaint on or before June 4, 2019. (Doc. 5). Allen's next filings, an amended complaint and an amended IFP motion docketed on June 3, 2019, reflect that Allen had been transferred from Fountain Correctional Facility to St. Clair Correctional Facility. (See Docs. 6, 7). He did not file a notice of change of address with the Court.

On July 27, 2019, without seeking leave of Court, Allen filed a third amended complaint in this action. (Doc. 11). Because he did not request permission to file another amended complaint and

---

[2] This Court's § 1983 prisoner complaint form also specifically warns: "PLAINTIFF SHALL IMMEDIATELY ADVISE THE COURT IN WRITING OF ANY CHANGE IN ADDRESS, E.G., RELEASED, TRANSFERRED, MOVED, ETC. FAILURE TO NOTIFY THE COURT OF A NEW ADDRESS WILL RESULT IN THE DISMISSAL OF THIS ACTION FOR FAILURE TO PROSECUTE AND TO OBEY THE COURT'S ORDER." (See Doc. 1 at 7; Doc. 1-1 at 7; Doc. 2 at 7; Doc. 6 at 8; Doc. 14 at 7).

did not explain why he needed to yet again amend his complaint, the Court entered an order striking the complaint. (Doc. 13). In the order, the Court advised Allen that if he desired to submit another amended complaint, it needed to be accompanied by a motion for leave to amend. (Id. at 3).

Disregarding the Court's directives, Allen filed a fourth amended complaint on August 12, 2019, without requesting the Court's permission to amend. (Doc. 14). Then, on November 7, 2019, Allen filed an incomplete, one-page filing that appears to be page six from the Court's form § 1983 prisoner complaint. (Doc. 15). Both filings list a St. Clair Correctional Facility address for Allen. (See Docs. 14, 15). On January 10, 2020, the Court entered an order striking Allen's fourth amended complaint and one-page filing and afforded Allen one final opportunity to file an amended complaint setting forth all his claims relating to the March 9, 2019 incident that is the subject of this lawsuit. (Doc. 16).

The Court's order was mailed to Allen at St. Clair Correctional Facility, Allen's last known address. On January 17, 2020, the order was returned to the Clerk as undeliverable, with the following notation: "ADDRESSEE IS NO LONGER AT THIS ADDRESS. RETURN TO SENDER." (Doc. 17). A resulting search of the Alabama Department of Corrections website revealed that Allen is no longer in its custody, and, upon inquiry, the Alabama Department of

Corrections' Central Records division confirmed that Allen was released from custody on November 26, 2019.  Although Allen was released from custody more than two months ago, he has not provided the Court with an updated address.  Nor does the Court have a free-world address on file for him.  Because Allen is no longer in the custody of the Alabama Department of Corrections and has neglected to keep the Court apprised of his current address, the Court has no means by which to communicate with him and surmises that he has lost interest in this action.

    A court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or obey a court order.  Brown v. Tallahassee Police Dep't, 205 F. App'x 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b); Lopez v. Aransas Cnty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).[3]  "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)).  To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

4

follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005).

In light of the above, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) due to Allen's failure to prosecute and his willful failure to obey the Court's orders to notify the Court immediately of any change in address, as no lesser sanction will suffice.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on

5

appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **18th** day of **February, 2020.**

                                         **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**